Case 08-20436    Filed 02/13/08    Doc 29



FILED

FEB 13 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

RONALD B. MILLER and
USOALII N. MILLER

    Debtors.

Case No. 08-20436-B-11

D.C. No. N/A.

**MEMORANDUM DECISION**

On February 11, 2008, pro se debtors Ronald and Usoalii Miller filed an Emergency Motion to Extend the Automatic Stay ("the Ex Parte Motion To Extend Automatic Stay"). (Dkt. 27). The court now issues the following decision.

The Ex Parte Motion To Extend Automatic Stay will be denied. Although the Ex Parte Motion To Extend Automatic Stay does not cite the legal authority under which it is brought, the court construes the motion as a request brought under 11 U.S.C. § 362(c)(3)(B), as the Ex Parte Motion To Extend Automatic Stay is titled as a request to "extend" the automatic stay and references a prior bankruptcy in which convened a meeting of creditors in Oakland, California. The court takes judicial notice that the debtors had one bankruptcy case pending within one year prior to the commencement of this case, case number 07-42827-RN-11, filed under chapter 11 in the Northern District of California on August



31, 2007 and dismissed effective January 7, 2008 by order entered February 8, 2008. The debtors commenced the instant chapter 11 case on January 14, 2008.

Assuming that the aforementioned case filed in the Northern District of California was the only case pending within one year prior to the commencement of this case and dismissed, the automatic stay will terminate as to the debtors as of 12:01 a.m. on Thursday, February 14, 2008, at the end of the thirty-day period following the commencement of this case, by operation of 11 U.S.C. § 362(c)(3)(A). The debtors have filed the Ex Parte Motion To Extend Automatic Stay seeking an extension of the automatic stay for a period of ninety (90) days.

However, the debtors have not satisfied the requirements of 11 U.S.C. § 362(c)(3)(B) in seeking an extension, and their failure to do so has rendered it impossible for the court to grant an extension under 11 U.S.C. § 362(c)(3)(B). Section 362(c)(3)(B) requires notice and a hearing of a motion to extend the automatic stay as to any or all creditors. As a contested matter under Federal Rule of Bankruptcy Procedure 9014, such a motion must be served on all parties against whom the debtors seek relief. In addition to the notice requirement, the hearing on the motion must be held and completed before the expiration of the thirty (30) day period following the commencement of the case. 11 U.S.C. § 362(c)(3)(B).

Here, the debtors did not give notice of the Ex Parte Motion To Extend Automatic Stay to any party against whom they seek relief, nor did the debtors set the Ex Parte Motion To Extend

Automatic Stay for a hearing. The debtors also chose to file the Ex Parte Motion To Extend Automatic Stay on the twenty-eighth day after they commenced the instant case, leaving the court with insufficient time to ensure that parties against whom relief is sought would receive adequate notice of any hearing on the Ex Parte Motion To Extend Automatic Stay, and insufficient time to hold and complete a hearing after notice but before the end of the thirtieth day after the commencement of the case. The emergency alleged by the Ex Parte Motion To Extend Automatic Stay is entirely of the debtors' own creation; they have set forth no reason why they did not seek an extension of the automatic stay earlier or why they did not follow the Federal Rules of Bankruptcy Procedure or the court's local rules in setting the matter for hearing. Accordingly, for the reasons described above, the Ex Parte Motion To Extend Automatic Stay will be denied.

However, assuming that the debtors have had only one bankruptcy case that was pending and dismissed within one year prior to the commencement of this case, the court notes that the automatic stay in the instant case will terminate <u>as to the debtors only</u> as of 12:01 a.m. on February 14, 2008. 11 U.S.C. § 362(c)(3)(A)("[T]he stay under subsection (a) . . . shall terminate with respect to the debtor on the 30th day after the filing of the case."). The automatic stay of 11 U.S.C. § 362(a) remains in place as to the bankruptcy estate.

//

//

3

The court will issue a separate order consistent with the foregoing decision.

Dated: FEB 13 2008

_____
Thomas C. Holman
United States Bankruptcy Judge

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Ronald Brooks Miller
1425 W Center St #61
Manteca CA 95337

Usoalii Nikotemo Miller
1425 W Center St #61
Manteca CA 95337

Office of the U.S. Trustee
501 I St #7-500
Sacramento CA 95814

DATED: 2/14/08     By: _____
                                    Deputy Clerk

EDC 3-070 (New 4/21/00)